**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Chad B.,

Plaintiff,

v.

Frank Bisagnano, Commissioner of Social Security,

Defendant.

---

No. 25-cv-3425 (DLM)

**ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Chad B. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for benefits. This matter is before the Court on Plaintiff's request that the Commissioner's decision be vacated and the matter be remanded for further administrative proceedings. Plaintiff filed his brief in support of remand on February 27, 2026. (Doc. 18.) The Commissioner filed his response brief in opposition on May 28, 2026. (Doc. 22.) Plaintiff filed his reply brief on June 11, 2026. (Doc. 23.) This matter is now ripe for the Court's decision. For the reasons stated below, the Court remands this matter to the Commissioner for further proceedings consistent with this Order.

**BACKGROUND**

On April 18, 2023, Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging disability beginning on November 8, 2021. (Tr.[1] at 52, 160-66.) The Social Security Administration ("SSA") denied Plaintiff's claim initially (Tr. at 53-61, 71-75) and upon Plaintiff's request for reconsideration (Tr. at 76-80). Plaintiff then timely requested a hearing before an Administrative Law Judge ("ALJ") (Tr. at 81-82), and the ALJ held a hearing on the matter on May 22, 2024.[2] (Tr. at 32-51.) Plaintiff was represented by counsel, appeared at the hearing, and testified on his own behalf. (Tr. at 34, 36-45.) A vocational expert also testified, opining that there was a significant number of jobs in the national economy across three representative occupations listed in the Dictionary of Occupational Titles ("DOT"), each of which a person with similar limitations to Plaintiff could perform: mailroom clerk, (DOT No. 209.687-026); office helper (DOT No. 239.567-010); and merchandise marker (DOT No. 209.587-034). (Tr. at 47-48.)

On August 26, 2024, the Commissioner sent Plaintiff a notice of unfavorable decision. (Tr. at 12-14 (Notice), 15-27 (Decision).) The ALJ recognized that Plaintiff suffered from several severe impairments, including obstructive sleep apnea; iron deficiency anemia; type 2 diabetes mellitus; obesity; and vertigo. (Tr. at 17.) The ALJ also considered a number of Plaintiff's other ailments, including COVID-19 complications and

[1] The Commissioner filed the consecutively paginated transcript of the administrative record on November 14, 2025. (Doc. 8.) For ease of reference, citations to the transcript will identify the page number listed on the lower right corner of the cited document.

[2] At times the transcript indicates the date of Plaintiff's hearing was May 22, 2025 (*see, e.g.*, Tr. at 32, 33), but this is clearly a scrivener's error.

an aortic aneurysm without rupture, but ultimately determined these impairments were not severe. (Tr. at 18-19.) The ALJ also found that Plaintiff suffered from the medically determinable mental impairment of a mild neurocognitive disorder without behavioral disturbance, but determined this was also non-severe after considering how it affected Plaintiff across four broad functional areas.[3] (Tr. at 18-19.) The ALJ found that Plaintiff was mildly impaired in his ability to understand, remember, and apply information; and in his ability to concentrate, persist or maintain pace. (Tr. at 18.) The ALJ further found that Plaintiff had no limitation in his ability to interact with others; and in his ability to adapt or manage himself. (Tr. at 25.) The ALJ reached these conclusions after fully crediting the opinion of consultative examiner Marlin O. Trulsen, Ph.D., a licensed psychologist. (Tr at 19-20.) Relevant to the instant decision, Dr. Trulsen opined that Plaintiff could respond appropriately to "brief and superficial contact with coworkers and supervisor[s]." (Tr. at 19; *see also* Tr. at 898-904 (Dr. Trulsen's consultative examination report).)

The ALJ ultimately determined that Plaintiff retained the residual functional capacity ("RFC")[4] to perform light work,[5] so long as a number of environmental and

[3] In evaluating the limitations a claimant's mental impairments impose, an ALJ is directed to consider: (1) the claimant's ability to understand, remember, or apply information; (2) the claimant's ability to interact with others; (3) the claimant's ability to concentrate, persist, or maintain pace; and (4) the claimant's ability to adapt or manage oneself. 20 C.F.R. §§ 404.1520a(c)(3). The ALJ must rate the degree of a claimant's impairment in each functional area based on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4).

[4] "RFC is defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (quoting *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007)) (cleaned up).

[5] By regulation, light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may

postural adjustments were included. (Tr. at 21-22.) The ALJ did not impose any limitations in the RFC related to Plaintiff's mental impairments. (Tr. at 21-22.) With the RFC as formulated, the ALJ determined Plaintiff could perform the three representative occupations identified by the vocational expert, and accordingly found Plaintiff not disabled. (Tr. at 26-27.)

Plaintiff does not contest that the ALJ followed the five-step sequential process laid out in 20 C.F.R. §§ 404.1520(a)[6] for evaluating DIB claims. Rather, he challenges two aspects of the ALJ's formulation of his RFC: (1) the RFC did not include any limitations to address Plaintiff's mental impairments; and (2) the RFC did not adequately address Plaintiff's vertigo. The Court addresses each issue in turn.

**ANALYSIS**

This Court reviews the ALJ's denial-of-benefits decision to determine whether it is supported by substantial evidence in the record as a whole, and whether the decision was infected by legal error. 42 U.S.C. § 405(g); *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir.

---

be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

[6] Step one of this process involves determining whether a claimant is engaged in substantial gainful activity. If not, the ALJ must next decide (in step two) whether the claimant's impairments are severe, and of a duration of least 12 continuous months. At step three, the ALJ determines whether the claimant's impairments are severe enough to equal a listed impairment under appendix 1 to subpart P of part 404. If so, the claimant is considered disabled without further inquiry. If not, the ALJ must determine the claimant's RFC, and determine (at step four) whether the claimant can still do their past work given their limitations. Finally, if the ALJ concludes a claimant cannot perform their prior work, step five requires the ALJ to determine whether they can do other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(i-v).

2022). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1138, 1154 (2019) (cleaned up) (further citation omitted); *see also Nash v. Comm'r, Soc. Sec. Admin*, 907 F.3d 1086, 1090 (8th Cir. 2018) (characterizing "substantial evidence" as "less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusions"). Courts reviewing ALJ decisions must look to the entire administrative record to determine whether it contains sufficient evidence to support the ALJ's conclusion. *Biestek*, 139 S. Ct. at 1154; *Grindley v. Kijakazi*, 9 4th 622, 627 (8th Cir. 2021). When substantial evidence supports the ALJ's decision, the Court will not reverse, even if substantial evidence also supports a contrary outcome. *Nash*, 907 F.3d at 1089.

## I. THE ALJ'S FAILURE TO ADDRESS PLAINTIFF'S MENTAL LIMITATIONS IN FORMULATING THE RFC NECESSITATES REMAND.

Although couched in several different ways, Plaintiff's first contention of error comes down to this: consultative examining psychologist Marlin Trulsen, Ph.D., opined that Plaintiff could tolerate "brief and superficial" workplace contact; the ALJ found Dr. Trulsen's opinion persuasive; yet the RFC contained no mental limitations and no indication why not.

While not beyond doubt, the Court agrees that the preceding circumstances necessitate remand. An ALJ must consider all of a person's impairments—including those that are not severe—in determining the person's RFC. 20 C.F.R. §§ 404.1545(a)(1) & (2), 416.945(a)(1) & (2). Of course, an ALJ need not impose mental limitations within an RFC

just because the ALJ has found some level of mental impairment. *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (per curiam) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006) (rejecting argument that finding of mental impairment at step two required imposing related limitations in the RFC at step four because "[e]ach step in the disability determination entails a separate analysis and legal standard")). But an RFC cannot entirely ignore a person's mental impairments without *some* explanation. *Debbie L. D. v. O'Malley*, No. 23-cv-649 (DLM), 2024 WL 1331989, at *3 (D. Minn. Mar. 28, 2024); *Vicky R. v. Saul*, No. 19-cv-2530 (ADM/ECW), 2021 WL 536297, at *12 (D. Minn. Jan. 28, 2021), *R. & R. adopted*, 2021 WL 533685 (D. Minn. Feb. 12, 2021), at *14; *Mark E. v. Kijakazi*, No. 20-cv-2047 (PAM/JFD), 2021 WL 6066260, at *10-11 (D. Minn. Dec. 7, 2021), *R. & R. adopted sub nom. Mark J. E. v. Kijakazi,* 2021 WL 6063631 (D. Minn. Dec. 22, 2021); *Charles C. v. Kijakazi*, No. 22-cv-2054 (JWB/DJF), 2023 WL 4215310, at *8-9 (D. Minn. May 22, 2023), *R. & R. adopted*, 2023 WL 4202850 (D. Minn. June 27, 2023). This is so because a Court cannot substantively review an ALJ's decision—for legal error or for substantial evidence—without knowing the ALJ's reasoning. *Vicky R.*, 2021 WL 536297, at *14; *Mark E.*, 2021 WL 6066260, at *10-11; *Charles C.*, 2023 WL 4215310, at *8-9.

Here, the ALJ found that Plaintiff had no limitations in his ability to interact with others. (Tr. at 19.) But to reach that conclusion, the ALJ relied upon Dr. Trulsen's report, which limited Plaintiff's workplace interactions to "brief and superficial interactions with coworkers and supervisor[s]." (Tr. at 903.) Indeed, the ALJ appreciated this limitation, identifying it in the same paragraph in which he deemed Dr. Trulsen's opinion persuasive.

(Tr. at 20.) Yet the ALJ formulated Plaintiff's RFC without including a workplace-interaction limitation, and, in fact, included no mental limitation in Plaintiff's RFC at all. (Tr. at 21-22.) Nor did the ALJ include an explanation for his omission in his discussion of Plaintiff's RFC construction.

It could be that the ALJ intended to reject Dr. Trulsen's "brief and superficial" limitation, but that is not at all clear from the decision. On the contrary, the ALJ evaluated Dr. Trulsen's opinion evidence and found it persuasive. *Accord* 20 C.F.R. § 404.1520c. And the ALJ's boilerplate statement that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity" (Tr. at 20) does not adequately fill the analytical gap. The limitations Dr. Trulsen identified "should have been incorporated into the RFC determination or a reason provided for their omission." *Vicky R.*, 2021 WL 536297, at *14.

The ALJ's omission of Dr. Trulsen's workplace-interaction limitations from the RFC, and lack of explanation for such omission, is reversible error because it bears on the hypothetical questions that the ALJ provided to the vocational expert. (Tr. at 47-48.) Because the RFC is incomplete, the Court finds that substantial evidence does not support the ALJ's conclusion that Plaintiff can perform the representative jobs the vocational expert identified. *Vicky R.*, 2021 WL 536297, at *16.

Thus, the Court concludes that on this issue, the case must be remanded to the ALJ to address Plaintiff's mental limitations in the RFC, including Dr. Trulsen's recommended workplace-interaction restrictions. To be clear, the ALJ may well conclude that there was no need for any mental limitation in the RFC, including Dr. Trulsen's recommended

workplace-interaction limitations.[7] But absent some analysis on that point, the Court is unable to effectively review this matter.

## II. SUBSTANTIAL EVIDENCE IN THE RECORD SUPPORTS THE ALJ'S RFC AS IT RELATES TO PLAINTIFF'S VERTIGO.

Plaintiff also argues that the ALJ's RFC was not supported by substantial evidence because it did not account for his vertigo. Although this matter is being remanded, the Court addresses this claim of error for the sake of completeness.

It is Plaintiff's burden to establish that her RFC should have included greater limitations than imposed by an ALJ. *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The question before the Court is whether a reasonable mind could accept that no additional vertigo-based limitations are necessary on this record, as the ALJ found. *Biestek*, 139 S. Ct. at 1154. In considering this question, the Court does not substitute its own judgment for that of the ALJ by reweighing the evidence; instead, it must consider evidence that supports and detracts from the ALJ's decision and affirm the ALJ's decision where "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (quoting *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011)).

Unlike the ALJ's treatment of Plaintiff's mental limitations and workplace-interaction restrictions, here the Court finds no basis for reversal. The ALJ addressed Plaintiff's vertigo directly, identifying it as one of his severe physical impairments. (Tr. at

---

[7] Not every step two limitation necessarily translates to a work-related functional limitation sufficient to support its inclusion in the RFC. *Vicky R.*, 2021 WL 5366297, at *14.

17.) The ALJ also analyzed the effect of Plaintiff's vertigo, noting that "although he has had ongoing complaints of dizziness, he has not had *frequent* attacks of balance disturbance, tinnitus, or progressive hearing loss as documented in the medical records." (Tr. at 21 (emphasis in original).) And in describing the basis for the RFC, the ALJ discussed Plaintiff's vertigo treatment at length. (Tr. at 22-24.) Ultimately, the ALJ concluded that some limitations were appropriate to account for Plaintiff's vertigo, but that the "benign findings on physical exams and the claimant's course of and response to treatment" suggested that it was not disabling. (Tr. at 24.)

While Plaintiff may disagree with the ALJ's conclusions, the ALJ used the appropriate evaluative framework, and his formulation of the RFC as it relates to Plaintiff's vertigo is supported by the record. In such circumstances, the Court will not reverse, even if it "would have reached a different conclusion than the Commissioner or because substantial evidence supports a contrary conclusion." *Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017) (quoting *Igo v. Calvin*, 839 F.3d 724, 728 (8th Cir. 2016)) (cleaned up).

**ORDER**

Based on the above findings, as well as the files, records, and proceedings above,

**IT IS ORDERED** that:

1. Plaintiff's request for remand (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART**;

2. Commissioner's request for affirmance (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART**; and

3. This case is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: September 22, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge